UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINDA M. COLEMAN,

                              Plaintiff,        **MEMORANDUM AND ORDER**
            -against-                            Case No. 08-cv-0379 (TLM)

TOWN OF BROOKHAVEN, DEPARTMENT OF
PARKS, RECREATION, SPORTS AND CULTURAL
RESOURCES, et al.,

                              Defendants.
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court are defendants Town of Brookhaven, Department of Parks Recreation Sports and Cultural Resources ("Brookhaven"), Bob Chartuk and Frank Pasqualo's Motion for Reconsideration [Rec. Doc. 47] of its April 23, 2010 Order [Rec. Doc. 46] on defendants' Motion for Summary Judgment [Rec. Doc. 37], and plaintiff's opposition thereto and Motion for Reconsideration of the same Order [Rec. Doc. 50]. For the reasons that follow, defendants' Motion will be DENIED AS MOOT IN PART and DENIED IN PART, and plaintiff's Motion will be DENIED.

**I.    Motion for Reconsideration Standard**

      "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*.

## II.     Defendants' Motion

### A.     Plaintiff's Contract Claim

As plaintiff has consented to the dismissal of her claim for breach of contract, Pl. Mem. Opp. at 1, the Court will dismiss that claim. Therefore, defendants' Motion is moot with respect to plaintiff's contract claim and will be denied as such.

### B.     Plaintiff's Claims Against Robert Chartuk

Plaintiff asserted Title VII and New York State Executive Law § 296 claims only against Brookhaven, and asserted claims against Chartuk and Pasqualo only under 42 U.S.C. §§ 1981, 1983 and 1985.[1] As plaintiff's §§ 1981, 1983 and 1985 claims were dismissed by the Court's April 23, 2010 Order, there are no remaining claims against Chartuk. Therefore, defendants' Motion is moot with respect to Chartuk's qualified immunity defense, and will be denied as such.

### C.     Plaintiff's Retaliation Claims Against Brookhaven

Defendants seek to relitigate the Court's finding that "plaintiff has put forth a prima facie case of retaliation, and sufficient evidence to show that defendants' stated non-retaliatory explanation for the alleged retaliatory action is pretextual," April 23, 2010 Order at 14, and their Motion must therefore be denied.

Plaintiff's retaliation claims are based on her allegations that she complained to David Cohen, Brookhaven's outside counsel, of racial discrimination, and as a consequence thereof was first falsely reprimanded while following orders and then assigned to work exclusively at Martha Avenue Park, an undesirable work location, until further notice. These allegations lie beyond the

---

[1] To the degree to which plaintiff's complaint could be read to assert Title VII and § 296 claims against Chartuk and Pasqualo, those claims would in any event be dismissed, as "individuals are not subject to liability under Title VII," *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir.2004), and the Court would decline to exercise supplemental jurisdiction over the state law claims.

category of "petty slights, minor annoyances, and simple lack of good manners" to which the Supreme Court referred in *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), and the evidence in the record in support thereof amounts to more than "mere conclusory allegations or denials in legal memoranda or oral argument," *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir.1995) (internal quotation marks omitted). Defendants' assertions in response to plaintiff's allegations, regarding whether Chartuk and Pasqualo knew that plaintiff complained to Cohen of racial discrimination, whether she was reprimanded after Chartuk confronted her outside her home, and whether her reassignment to Martha Avenue Park was a beneficial one, are not undisputed facts, but rather arguments to be made to the jury based on the evidence to be adduced at trial.

In its 4/23/10 ruling, the Court found that the evidence in the record, developed during discovery, was sufficient for plaintiff's retaliation claims against Brookhaven to survive summary judgment. Defendants have put forth no legal or factual basis for the Court to reconsider its previous ruling. Therefore, defendants' request that the Court reconsider its ruling on those claims will be denied.

**III.   Plaintiff's Motion**

  A.   Timeliness

As Local Civil Rule 6.3 states that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion," and plaintiff's Motion for Reconsideration was filed 28 days after the entry of the Court's April 23, 2010 Order, plaintiff's Motion is untimely.

  B.   Plaintiff's Claims Under 42 U.S.C. §§ 1981 and 1983

As explained in the Court's ruling, 42 U.S.C. §§ 1981 and 1983 provide a cause of action only where a constitutional violation has occurred, and retaliation for complaining of racial

3

discrimination is merely a statutory, and not a constitutional, violation. *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir.1996). Therefore, the fact that plaintiff's retaliation claims under Title VII and New York State Executive Law § 296 have survived does not constitute a basis for reconsideration of the Court's dismissal of her claims under 42 U.S.C. §§ 1981 and 1983.

    C.    Plaintiff's *Monell* Claim

"*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir.2006) (emphasis in original). As the Court found there was no underlying constitutional violation, it will not reconsider its dismissal of plaintiff's *Monell* claims.

**IV.**    **Conclusion**

Based on the foregoing, it is

**ORDERED** that Plaintiff's claim for breach of contract is DISMISSED, and defendants' Motion for Reconsideration [Rec. Doc. 47] is DENIED AS MOOT with respect to plaintiff's contract claim and all claims against Chartuk, and DENIED with respect to plaintiff's retaliation claims against Brookhaven.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration [Rec. Doc. 50] is DENIED.

**SO ORDERED.**

                                              Tucker L. Melançon
                                              United States District Judge

May 24, 2010
Brooklyn, NY